Parsons, C. J.
At common law, a promissory note given by a debtor to pay to his creditor a subsisting debt, is no discharge of the debt; but the creditor may either have his remedy on the note, or may recover the debt. But in this state, this rule is confined to notes not negotiable. And it has long been settled, that when a debtor shall give to his creditor his negotiable note for a debt due on simple contract, the legal presumption is, that the note was received in payment. (2), (3) And this presumption arises from the consideration, that the creditor may endorse the note ; and if he could compel payment of the original debt, the debtor might afterwards be obliged to * pay the note to the endorsee, [ * 146 J and thus be twice charged, without any remedy at law.
And there is no inconvenience to the creditor ; for if he hold the note, he may sue the debtor upon it, and recover his debt.
But this presumption, like all others, may be controlled by the agreement of the parties. And in this case, if it appears that M Conville’s note was not understood by the parties as received in payment, or if this be not within the reason of the exception to the general rule, the verdict ought to stand. Now, the note did not oblige any but the maker. He was authorized by the defendants to *120 pay for them, but not to bind them by his promissory notes. M’ Conville and the plaintiff made a further settlement, in which the labor, for which the note was given, was made an item, and considered by the parties as still unpaid for. And all the defendants afterwards considered themselves as holden to pay for this labor.
It is said that at this time they had no knowledge of M: Conville’s note. But if they had, they were not obliged to pay it, or to pay M’ Conville the amount of it, for he, being one of the defendants, was present, and made no claim for his note, or as having paid any thing on their account to the plaintiff; and by his certificate, he admitted that the labor was not paid for.
From these facts, it is manifest that the reason of the presumption, that the note was taken as absolute payment, does not exist; because in no event were the defendants obliged to pay twice the amount of the plaintiff’s demand. And M’ Conville, who made the note, confesses this action by his default. The presumption that his note was a payment, is also controlled by his certificate, that the labor, for which his note was given, remained unpaid for.

Let judgment be entered on the verdict.

 Vide 5 Mass. Rep., Thatcher & Al. vs. Dinsmore.

 [There appears to be no good reason for establishing such a rule in this state, especially when no such rule exists elsewhere, and when it clashes with other well-settled rules, which we have adopted. See note to Thatcher vs. Dinsmore, 5 Mass. Rep.— Commercial Bank vs. Cunningham & Al., S. J. C. Middx., 1837.— Van Cleef vs. Therasson, 3 Pick. 12. — Canfield vs. Les, 18 Pick. 253. — Watkins vs. Hill, 8 Pick 522. — James vs. Kennedy, 11 Pick 131. — Reed vs. Upton, 10 Pick. 525. — Ed.]