ALBERT WEBER, JR., administrator, *vs.* EDWARD F. COUCH
& another.

Hampden. January 6. — 22, 1883.

A parol release of a judgment for money, in consideration of the payment of a
less sum, is invalid, although such release is indorsed upon the execution issued
in the original action.

HOLMES, J. This is an action on a judgment for $1154.71,
against Edward F. Couch and A. C. Couch, copartners. After
that judgment was recovered, one of the defendants paid $100
upon it, and the following agreement was indorsed on the exe-
cution: " In consideration of the sum of one hundred dollars
paid by Edward F. Couch, one of the within-named judgment
debtors, I hereby release said Edward F. Couch from any and
all liability on the said judgment, and acknowledge satisfaction
of the within judgment so far as said Edward F. Couch is con-
cerned, but reserve to myself the right to avail myself of cer-
tain securities, to wit, notes and mortgages in the hands of one
A. H. G. Lewis, put up by one John Snow, of Providence, R. I.,
to release the attachment.

" Albert Weber. By Buckland & White, his attorneys."

The defendant E. F. Couch has died pending this action, but
the other defendant insists that the above transaction discharged
E. F. Couch, and therefore discharged him, the other joint debtor.
To make out that E. F. Couch was discharged, the defendant
suggests that the consideration of the dealing with him consisted
of the securities mentioned as well as the money. But there is
nothing outside of the instrument to countenance this sugges-
tion, and the instrument itself expressly contradicts it. It states
the consideration to be one hundred dollars and nothing else. It
does not disclose the acquisition of any new rights in the secu-
rities by the plaintiff, or any change of position on the part of
the defendant. Indeed, so far as appears, the defendant was
a stranger to the securities, which were "put up by one John
Snow." The defendant's argument therefore fails. A parol re-
lease of a judgment for money, in consideration of a payment of
a smaller sum, is invalid at common law.

The defendant does not argue that the release had any greater effect because written on the execution, than it would have had if it had been written on any other piece of paper. It is still a parol release addressing itself directly to the judgment, which it is incompetent to discharge in that way. Neither can it have a greater indirect operation than it could have had directly. To that end it would be necessary first to read the release as purporting to discharge the execution, because it was indorsed on the writ, and because, if it had been effectual to discharge the judgment, it would have discharged the execution, and then, after providing this substituted machinery, to hold that the parol release of the execution was conclusive, and that the discharge of the judgment followed. This is impossible, and it is therefore unnecessary to consider what the effect of the indorsement would have been upon the liability of the other defendant if it had been valid; whether it would have discharged him apart from the reservations, and whether the reservations were sufficient to cut the words of release down to a covenant not to sue.      *Judgment for the plaintiff.*

*E. B. Maynard & H. C. Bliss,* for A. C. Couch, cited *Ward* v. *Johnson,* 13 Mass. 148; *Tuckerman* v. *Newhall,* 17 Mass. 581; *Reed* v. *Bartlett,* 19 Pick. 273; *Brooks* v. *White,* 2 Met. 283.

*W. G. White,* for the plaintiff.