ISABEL S. SMITH *vs.* ALSON T. JOHNSON.

Bristol. October 25, 1915. — May 16, 1916.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* Consideration. *Execution. Release. Accord and Satisfaction.*

Where a judgment debtor pays the sum of $125 upon an execution against him for $800 "in order to have the judgment discharged" and the attorney for the creditor indorses and signs upon the execution an acknowledgment of the re-

ceipt of $125 "in full satisfaction," whereupon the debtor promises orally to pay the balance of $675, there is no consideration for the creditor's acknowledgment of satisfaction, the debtor's oral promise to do what he already was bound to do being *nudum pactum;* and the creditor in an action of contract on the judgment may recover the balance of the debt. Following *Weber* v. *Couch,* 134 Mass. 26.

CONTRACT on a judgment for $800 obtained on June 3, 1904, in the Municipal Court of the City of Boston. Writ dated October 22, 1912.

In the Superior Court the case was submitted to *Dubuque, J.,* upon an agreed statement of facts. Thereby it appeared that on July 15, 1905, the sum of $125 was paid by the defendant "in order to have the judgment discharged," and the following indorsement was made upon the execution and was signed by the plaintiff's attorney: "July 15, 1905. Received on the within named execution $125 in full satisfaction and the same is hereby returned to Court, not having been in the hands of an officer."

It was stated in the agreed statement of facts that "In consideration thereof Johnson [the defendant] agreed to pay the balance of $675." The defendant never paid anything except the $125 mentioned above.

The judge ordered that judgment be entered for the plaintiff in the sum of $675 with interest at six per cent per annum from June 3, 1904. From the judgment entered in pursuance of this order the defendant appealed.

*S. P. Hall,* for the defendant.

*E. S. White,* for the plaintiff.

LORING, J. It was held in *Weber* v. *Couch,* 134 Mass. 26, that an agreement (indorsed upon an execution), by which a creditor acknowledged satisfaction of the judgment in consideration of the payment of a smaller sum than the amount due thereon, was invalid.

The defendant has tried to take the case at bar out of that decision by reason of the fact that in addition to paying the smaller sum "in full satisfaction" the defendant in the case at bar "agreed to pay the balance of" the judgment. But in that contention the defendant is met with the same rule of law which was decisive of the case of *Weber* v. *Couch.* The parol promise to pay the balance of the judgment did not impose upon the defendant a less onerous liability than that imposed upon him by the judgment and did

not give to the plaintiff a more beneficial right than that given him by it.   It follows that the defendant's parol promise to pay the balance of the judgment was neither a benefit to the plaintiff nor a detriment to the defendant and, being without consideration, was *nudum pactum*.

The defendant's other contention is that the promise to pay the balance of the judgment comes within the doctrine on which it is held that a negotiable promissory note given by a debtor is *prima facie* payment of an open account; for which he cites *Ilsley* v. *Jewett,* 2 Met. 168, 173, and *Wood* v. *Bodwell,* 12 Pick. 268.   But, whether the obligation assumed by the maker of a negotiable promissory note is or is not a more burdensome one than that resting upon one liable upon an open account, the negotiable note is more beneficial than the open account and for that reason there is a valid consideration in that case.   And for the matter of that a non-negotiable note which is not within the rule invoked (see *Greenwood* v. *Curtis,* 4 Mass. 93; *Maneely* v. *M'Gee,* 6 Mass. 142, 145) may be taken in satisfaction.   If it is taken as an account stated it is founded on a valid consideration.

The defendant's last contention is that, inasmuch as the judgment is satisfied on the record, the plaintiff's remedy is by way of *scire facias* and for this he relies upon *Perkins* v. *Bangs,* 206 Mass. 408, and *Perry* v. *Perry,* 2 Gray, 326.   But upon the face of the record the judgment was not satisfied.   The indorsement upon the execution states that the plaintiff had "received on the within named execution $125 in full satisfaction."   Since the $125 is a smaller sum than that due upon the judgment, it is apparent upon the face of the execution that the judgment was not satisfied.

The entry must be

*Judgment affirmed.*