HYMAN LAIT *vs.* ALFRED SEARS.

ISRAEL LAIT *vs.* SAME.

Suffolk.   November 20, 1916. — February 28, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Contract,* Construction.  *Execution,* Indorsement of satisfaction.  *Receipt.   Evidence,* Extrinsic affecting writings.  *Words,* "Proceedings to collect."

In an action to recover a balance alleged to be due on certain judgments entered
for $7,100, on which the plaintiffs already had received $5,000 from the defendant, whose name was S, it appeared that the judgments were recovered in actions
for personal injuries sustained by one of the plaintiffs by reason of the negligence of the defendant's agent in operating a motor car, that the defendant held
an insurance policy which he contended insured him against such liability to the
extent of $5,000, but that this contention was denied by the insurer, that the
defendant made an agreement in writing with the plaintiffs by which he agreed
to pay $5,000 on the judgments by a certain day, which the plaintiffs agreed "to
accept in satisfaction and discharge of said judgment except as hereinafter provided.  Said S shall thereupon institute proper proceedings to collect from said
Insurance Company the sum of Five thousand ($5000.) Dollars under the terms
of said policy, and if the said S shall collect from the said Insurance Company
the said sum of Five thousand ($5000.) Dollars, then and in that event only he
shall make his promissory note payable to the defendants, [plaintiffs] or either of
them, in the amount of Fifteen hundred ($1500.) Dollars, for the period of one
year, from the date of the collection of said $5000, without interest and without
security or indorsement, and deliver the same to the defendants [plaintiffs] or
their attorney."  The defendant paid the $5,000 within the stipulated time.
Thereupon the plaintiff's attorney gave a receipt therefor as "accepted in satisfaction and discharge of the executions" and indorsed on each execution the
words "fully satisfied," and the executions thus indorsed were filed in court.
The defendant demanded payment of the $5,000 from the insurer, but, instead
of bringing an action against the insurer, he settled the claim without an action
by which he received $4,500, and he denied any liability to the plaintiffs, contending that he was required to give a note for $1,500 only in case he collected
$5,000 from the insurer, which he had not done.  *Held,* that the defendant had
failed to perform the second condition required of him by the terms of the contract in order that the payment by him should be accepted in satisfaction of the
judgments, namely, to "institute proper proceedings to collect" the sum of
$5,000 from the insurer, that these words meant that an appropriate action in
the courts should be commenced and prosecuted to a conclusion to collect the
money from the insurer, and that negotiations outside the courts were not a
performance of the condition, however wise the settlement might have been, so
that by the terms of the contract the judgments remained unsatisfied and the
balance could be recovered.

In the same case it was *held,* that the acknowledgment of satisfaction contained in
the receipt and the indorsement of satisfaction upon the executions were equivo-

cal acts and were open to explanation by evidence as to the amount actually received.

In the same case it was *said* that the filing of the executions in court was not "properly a return, but a receipt," citing *Brown* v. *South Boston Savings Bank,* 148 Mass. 300, 306, where the phrase quoted is used.

TWO ACTIONS OF CONTRACT, each to recover a balance alleged to be due on a judgment recovered on March 3, 1913, in the Superior Court, where the original cases were tried together, the judgments being respectively for consequential and for direct damages for personal injuries sustained by the plaintiff in the second case by reason of the negligence of the defendant's agent in operating a motor car. Writs dated July 29, 1914.

In the Superior Court the cases were tried together before *Hardy,* J., without a jury. The facts shown by the evidence and found by the judge are stated in the opinion. The contract between the parties there referred to was as follows:

"Memorandum of agreement made and executed in duplicate this twenty-fifth day of April, 1913.

"Whereas in the suits entitled Lait *vs.* Sears, judgment has been heretofore entered against the defendant Sears in the sum of Seventy-one hundred ($7100.) Dollars, in the Superior Court for the County of Suffolk; and

"Whereas the said defendant Sears was insured in the London Accident and Guaranty Insurance Company to the extent of Five Thousand ($5000.) Dollars for injury to any one person; said Company under the terms of its policy having undertaken and conducted the defense of said suits in said Superior Court by its counsel; and

"Whereas the said Insurance Company denies its liability upon its said policy to indemnify the said defendant to the extent of the said Five Thousand ($5000.) Dollars, by reason of an alleged breach of a material condition contained in said policy; and

"Whereas the said defendant Sears is unable to satisfy the said judgment in full;

"Now it is agreed by and between the parties to said suits, by their respective counsel, that said suits shall be settled and the said defendant Sears released from all liability by reason of said suits and the judgments therein, in the following manner and under the following terms and conditions: .

"The said Sears shall on or before Monday, April 28th, 1913, pay to the said plaintiffs or their attorney the sum of Five thousand ($5000.) Dollars in money, which sum the defendants [plaintiffs] agree to accept in satisfaction and discharge of said judgment except as hereinafter provided. Said Sears shall thereupon institute proper proceedings to collect from said Insurance Company the sum of Five thousand ($5000.) Dollars under the terms of said policy, and if the said Sears shall collect from the said Insurance Company the said sum of Five thousand ($5000.) Dollars, then and in that event only he shall make his promissory note payable to the defendants [plaintiffs], or either of them, in the amount of Fifteen hundred ($1500.) Dollars, for the period of one year, from the date of the collection of said $5000, without interest and without security or indorsement, and deliver the same to the defendants [plaintiffs] or their attorney.

"Signed at Boston, Mass., this twenty-fifth day of April, 1913.

> Hyman Lait
> Israel Lait
> > by their Atty.,
> > > H. H. Patten
> Alfred Sears
> > by his attys.,
> > Bates, Nay & Abbott."

Mr. H. H. Patten, the first witness called by the defendant, testified that he was the attorney for the plaintiffs and had authority to make the agreement printed above. He testified that on April 26, 1913, he received from the defendant the sum of $5,000, and signed the following receipt:

> "Boston, April 26, 1913.

"Received of Alfred Sears the sum of Five thousand ($5000) Dollars in money pursuant to the agreement of April 25th, 1913, which amount is accepted in satisfaction and discharge of executions in the suits of Lait *v.* Sears, which executions were issued out of the Superior Court for the County of Suffolk, dated March 4, 1913.

> H. H. Patten,
> Attorney for Hyman Lait and Israel Lait."

· At the same time Mr. Patten indorsed each execution "fully satisfied," and signed the indorsement "H. H. Patten, Attorney for the Plaintiff." The executions bearing these indorsements were returned to court and were admitted in evidence at the trial.

The defendant asked the judge to make, among others, the following rulings, these requests being either identical or substantially the same in both cases:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. Upon all the evidence the verdict must be for the defendant.

"3. Full satisfaction of an execution issued upon the judgment referred to in the plaintiff's declaration is full satisfaction of said judgment.

"4. The return of an execution bearing the endorsement 'fully satisfied' by the plaintiff's attorney of record is conclusive evidence of the satisfaction of the judgment."

"8. The plaintiff cannot maintain this action unless the entry 'execution returned fully satisfied' on the docket of this court in the action numbered 68937 is vacated by the court.

"9. The docket entry 'execution returned fully satisfied,' has the effect of a judgment so far as collateral attack is concerned."

"11. The agreement of April 25, 1913, did not require the defendant to bring suit against the insurance company.

"12. Entering into negotiations for collection of the claim against the insurance company, was 'instituting proper proceedings to collect' within the meaning of said agreement.

"13. Unless the defendant was entitled to recover five thousand dollars ($5000) from the insurance company, his settlement for four thousand five hundred dollars ($4500) was not a breach of the agreement of April 25, 1913.

"14. The defendant was not entitled to recover from the insurance company under the terms of the policy.

"15. If the defendant was guilty of a breach of the agreement of April 25, 1913, the plaintiff's remedy is by action upon that agreement."

The judge refused to make any of the rulings quoted above, and the defendant excepted.

The judge ruled "that, if there was any satisfaction attempted on this judgment, it was a conditional satisfaction which required that the defendant should perform certain conditions imposed

upon him." He found "that the condition was not performed but was still in force, and that the balance of the judgment was still in force." The defendant excepted to this ruling.

The judge found for the plaintiff in the first case in the sum of $1,281.46, and for the plaintiff in the second case in the sum of $1,210.46 and reported for determination by this court the questions of law raised by the exceptions taken by the defendant, stating that he did so because the defendant's failure properly to notify the plaintiffs of the filing of his exceptions was due to accident or mistake. If the rulings of the judge were correct, judgments were to be entered for the plaintiffs upon the findings. Otherwise, judgments were to be entered for the defendant, or the cases were to be remanded to the Superior Court for a new trial as law and justice might require.

*E. Field,* for the defendant.

*R. W. Gloag,* (*H. H. Patten* with him,) for the plaintiffs.

RUGG, C. J. These are actions to recover the balance due upon judgments conceded to have been recovered by the plaintiffs for personal injuries against the defendant. The defence in substance is, that the defendant claimed to be insured against loss arising from injuries like those sustained by the plaintiffs, but that liability on his policy was denied by the insurance company; that he thereupon after the recovery of the judgments by the plaintiffs entered into an agreement with them, which is printed above in the statement of the case. Five thousand dollars was paid by the defendant to the plaintiffs' attorney and receipt therefor given. The plaintiffs' attorney thereupon indorsed upon the execution in each case "fully satisfied" and returned the executions into court and entry of the indorsement was noted on the docket. Thereafter the defendant negotiated a settlement with the insurance company without action in the courts and received $4,500. He denies all liability to the plaintiffs because he contends that under the agreement he was required to give a note only in the event that he received $5,000 from the insurance company.

The agreement of April 25, 1913, rightly interpreted, seems to us to mean that the judgments obtained by the plaintiffs against the defendant were to be settled only upon the terms and conditions therein set out, and if these terms and conditions were not performed, then the judgments were not settled. There were two

conditions to be performed by the defendant. The first was to pay $5,000 within three days. That condition he performed. The effect of so doing was to satisfy and discharge the judgments "except as hereinafter provided," to quote the contract. That exception constituted the second condition to be performed by the defendant, namely, to "institute proper proceedings to collect from" the insurance company $5,000 and, in the event that that sum should be collected, to give a note. According to the terms of the contract the judgments were to be satisfied only upon the performance by the defendant of both these conditions. If he failed to perform either one of them, then the judgments were not discharged.

The question to be decided is whether he performed the second condition resting on him according to the contract, that is to say, did he "institute proper proceedings to collect" from the insurance company $5,000. Doubtless these words, "proceedings to collect" may have different meanings when used in diverse connections. They were employed by these parties in the face of a controversy between the insurer and the insured touching the meaning of a clause in a policy of insurance to the effect that it did "not cover loss from liability" for injuries caused by an automobile "while . . . used to carry passengers for a consideration, actual or implied," and touching the question whether the conduct of the insurer constituted a waiver of that clause. These controversies involved the decision of questions of law as well as of fact. The contract contains no provision relative to a compromise of conflicting claims or the collection of any sum less than the whole by way of settlement. It refers only to the institution of proceedings to collect and the actual collection of $5,000 and, by fair implication, the failure to collect anything. Under these circumstances the only reasonable meaning to attribute to these words is that an appropriate action in the courts shall be commenced and prosecuted to a conclusion to collect the amount of the policy. The contract in this connection by the words "proceedings to collect" is broad in signification and comprehends the invocation of a judicial determination of the matter in dispute in accordance with the usual practice of the courts by any appropriate civil process. These words in this connection are not satisfied by the opening of negotiations outside the courts and by making

what may have been a wise settlement of the controversy. That course, however sagacious it may have been, does not constitute a compliance with the conditions of the contract, performance of one of which is just as essential as performance of the other to a satisfaction and discharge of the judgments. It is not for us to make a contract which would appear equitable under the circumstances now existing. We can only interpret the contract actually made and enforce its terms.

This interpretation of the contract renders it unnecessary to consider the numerous arguments of the defendant founded on the contention that the acceptance of the contract was a satisfaction of the judgment. Doubtless the acceptance by a creditor of an agreement by his debtor to do something else than pay in cash a debt presently due may discharge the debt. But the contract in the case at bar is not of that tenor.

The indorsement of satisfaction upon the executions was an equivocal act and was open to explanation by evidence as to the amount actually received. *Weber* v. *Couch,* 134 Mass. 26. *Bruce* v. *Anderson,* 176 Mass. 161. Although this is not a case where it appears on the face of the executions that less than the whole amount due was received, as in *Smith* v. *Johnson,* 224 Mass. 50, yet oral evidence is permissible to show the actual amount paid, as in cases of receipts, deeds or other contracts. *Way* v. *Greer,* 196 Mass. 237. This is not a collateral attack upon the accuracy of the record of the court, or of an officer in making return of an execution. It is making clear the ambiguous act of a party in writing words upon an execution. No formal entry of satisfaction of final judgment was entered upon the records, as in *McGillvray* v. *Employers' Liability Assurance Corp.* 214 Mass. 484. The writing as to payment upon an execution, when handed into court by a party, is not the judgment of the court. It is not "properly a return, but a receipt." *Brown* v. *South Boston Savings Bank,* 148 Mass. 300, 306.

The defendant's request, that "Full satisfaction of an execution issued upon the judgment referred to in the plaintiff's declaration is full satisfaction of said judgment," rightly was refused, because it is apparent that the judge found that the execution was not paid in full or otherwise satisfied.

It follows that the defendant did not perform one of the condi-

tions upon the performance of which alone the judgments would be discharged. The judgments therefore remained in force and the present actions can be maintained. In accordance with the terms of the reports, let the entry in each case be

*Judgment for the plaintiff upon the finding.*