NATHAN BARNETT *vs.* SARAH ROSEN & another.

Suffolk.—November 19, 1919.—March 5, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Evidence,* Relevancy and materiality. *Contract,* Consideration. *Accord and Satisfaction.*

Where, in the answer in a suit based upon a judgment debt alleged to be owed to the plaintiff by a woman, the defendant alleged satisfaction of the debt by an accord and satisfaction, the defendant properly may be allowed to introduce evidence of negotiations leading up to a payment of less than the amount of the judgment debt under an agreement by the plaintiff that such amount would be accepted in satisfaction of that debt and also of a judgment debt owed to the plaintiff by the defendant's husband, which she was under no obligation to pay, and that the plaintiff further in writing agreed to indorse full satisfaction upon executions which had issued upon the judgments.

An oral agreement by a judgment creditor with the judgment debtor to receive a certain sum, less in amount than the judgment debt, in full satisfaction of that judgment debt and also of a judgment debt owed to the creditor by another person, to which the first judgment debtor is a stranger, and to indorse satisfaction in full upon executions which had issued upon both judgments, when the first judgment debtor has made the payment stipulated and the creditor has made the indorsement of full satisfaction upon both executions, is not *nudum pactum,* and a suit in equity by the judgment creditor to enforce the first judgment must be dismissed.

BILL IN EQUITY, filed in the Superior Court on March 20, 1919, to reach and apply, in satisfaction of a balance of $102.75 of a

judgment debt alleged to be owed to the plaintiff by the defendant Sarah Rosen (hereinafter called the defendant), an unliquidated claim against the defendant Providence Washington Insurance Company.

Upon stipulation of all the parties and with the consent and approval of the court, the bill was dismissed as against the insurance company after that defendant had paid into court $150 to abide the final decree in this suit.

The suit was heard by *Jenney*, J. Material facts found by him without a report of the evidence and exceptions saved by the plaintiff to the admission of evidence are described in the opinion. The plaintiff asked for the following rulings:

"1. That upon all the evidence in the case the finding must be for the plaintiff.

"2. That upon the pleadings in the case the plaintiff is entitled to a finding in his favor.

"3. That the defendant cannot set up as a defence an alleged agreement contained in a receipt signed by the plaintiff, that he will accept $35 as payment in full and in satisfaction of a judgment of $116.24 due from the defendant as judgment debtor.

"4. That an agreement to accept a lesser amount as payment in full and in satisfaction of a greater amount, which amount is not in dispute, is void for want of consideration.

"5. That an agreement between the plaintiff and the defendant which is wanting in consideration is not enforceable in equity because of want of consideration.

"6. That in a suit to recover the balance of a judgment debt a promise made by the plaintiff to the defendant that upon payment to him by the defendant of a smaller amount than the judgment debt [the judgment debt should be discharged] is not available as a defence in said action.

"7. That if in the body of a receipt for money given by the plaintiff to the defendant it contained a statement that the plaintiff will indorse a statement of satisfaction in full upon an execution he held against the defendant upon the payment by the defendant to the plaintiff of a lesser sum than the sum due from the defendant as stated in said execution, such promise is without consideration, and is an agreement *nudum pactum*, is void and unenforceable.

"8. That the defendant cannot enforce specific performance of an alleged agreement made without consideration."

The requests were denied. The judge ordered a decree dismissing the bill; and the plaintiff alleged exceptions.

*N. Barnett, pro se.*

*H. C. Dunbar,* for the defendant Rosen.

BRALEY, J. The plaintiff, a judgment creditor, brings suit under R. L. c. 159, § 3, cl. 7, to reach and apply in satisfaction of a judgment recovered against the defendant Rosen the amount coming to her under a policy of fire insurance issued by the co-defendant, the insurance company. That company having paid into court a certain sum to abide the final decree, the bill by stipulation of parties has been dismissed against the company; and, the trial court having ordered a decree dismissing the bill, the case is before us on the plaintiff's exceptions to the admission of evidence, to the refusal to rule as requested, and to the order of dismissal.

We perceive no error in the admission of evidence. The answer avers that by an accord and satisfaction the judgment has been satisfied and the defendant properly was allowed to introduce evidence of the negotiations and of the settlement which included the obtainment of the necessary funds to make payment as well as the form in which payment was made. *Way* v. *Greer,* 196 Mass. 237.

The remaining question is, whether as matter of law the defendant under the agreement had been discharged from all further liability. The evidence not being reported, the findings of fact of the trial judge are conclusive. It appears that, before judgment against her was obtained, the plaintiff recovered judgment against the defendant's husband on which execution issued and he was cited for examination as a poor debtor. The proceedings however were terminated by the failure of the judgment creditor to appear at the time and place to which the proceedings had been continued for his further examination. The plaintiff previously had cited the defendant for examination as a poor debtor and, after she had defaulted and a capias had issued, the plaintiff in person and the defendant by counsel orally agreed that if the defendant would pay "thirty-five dollars" the plaintiff would receive that amount in full satisfaction of both executions. The defendant

borrowed $20 which was paid to the plaintiff who thereupon signed and delivered the following receipt: "Received of Mrs. Sarah Rosen twenty no/100 Dollars, and upon payment to me within one month of a balance of fifteen dollars, I will endorse a statement of satisfaction in full upon an execution which I have against Sarah Rosen and a similar endorsement upon an execution against Harry Rosen, and I will execute general release of all demands against said Harry and Sarah Rosen." It further appears that the "balance of fifteen dollars" was paid to the plaintiff who thereupon indorsed upon each execution that full satisfaction had been received and delivered them to the defendant.

A further finding, in justice to the plaintiff, should be referred to, namely: that "At the time of making of said oral contract and the execution of said written instrument, the plaintiff told the defendant's attorney that the receipt of said sum, and his agreement referred to in said receipt, was a *nudum pactum* and that he was not bound by his oral agreement or his signed receipt, and that the defendant would still be liable for the balance of her judgment, nothwithstanding he had agreed to accept a smaller sum in satisfaction thereof." The judge however was satisfied and expressly finds that the defendant's attorney, acting in her behalf and knowing the plaintiff to be a member of the bar, did not understand nor believe that the plaintiff proposed to collect the balance due upon the execution against her "notwithstanding his agreement and his written promise, and did not expect him so to do."

The requests all rest upon the single proposition that the promise of the plaintiff is unenforceable because it is unsupported by any valuable consideration. We are of opinion that the judge properly refused to give any of the requests and correctly ruled that the bill should be dismissed.

The borrowing by the defendant from her counsel of a part of the amount agreed upon who gave his check therefor to the plaintiff, does not bring the case within the rule, that where the creditor receives in full satisfaction of his debt the promissory note of a third person for a smaller sum than the amount of the debt, it is a good accord and satisfaction. *Brooks* v. *White*, 2 Met. 283. *Guild* v. *Butler*, 127 Mass. 386. *Bidder* v. *Bridges*, 37 Ch. D. 406. The money furthermore was not borrowed

at the plaintiff's request; nor did he know from what source it was to be obtained. *Harriman* v. *Harriman,* 12 Gray, 341. *Specialty Glass Co.* v. *Daley,* 172 Mass. 460. Compare *Bunge* v. *Koop,* 48 N. Y. 225, 229. It also is settled in this Commonwealth that neither the payment of a part of the debt by the debtor when the entire indebtedness is due and payable, nor a partial payment by him of the debt in consideration that such payment shall operate as a discharge of the debt of a third person to the creditor, is sufficient to support a promise not made under seal to release the promisee from all further liability on the remainder of the principal obligation. *Weber* v. *Couch,* 134 Mass. 26. *Slade* v. *Mutrie,* 156 Mass. 19, 20, and cases cited. *Specialty Glass Co.* v. *Daley,* 172 Mass. 460. *Gilman* v. *Cary,* 198 Mass. 318, 320. *Smith* v. *Johnson,* 224 Mass. 50. *Lait* v. *Sears,* 226 Mass. 119, 125. But the judge further found: that "Thereafter, about March 21, 1916, the plaintiff personally, and the attorney representing the defendant, conferred in regard to the adjustment of the claim of the plaintiff against the defendant, and on or about that date it was orally agreed between the plaintiff and said attorney that if the defendant would pay to the plaintiff $35, the plaintiff would receive the same in full satisfaction of his execution against the defendant and against Harry Rosen; and the defendant then and there, acting through her said attorney, agreed to pay said amount in full satisfaction of both executions." The plaintiff, in return for the payment to him by the defendant of any sum on her husband's debt could make a binding and enforceable agreement, and the agreement found cannot as matter of law be differentiated. It was not to pay the plaintiff a less sum in full satisfaction of her own liquidated and overdue debt of a larger amount, but it was an agreement also to pay this amount in satisfaction of the execution against Harry Rosen, her husband, to whom she was a stranger and on which she was not liable, as well as the execution against herself. The plaintiff, as we have said, having indorsed on both executions satisfaction in full, the indorsement was of itself an application by him not merely in satisfaction of the defendant's debt but of the debt of her husband. It follows that the contract being entire and not severable at the option of the plaintiff, her agreement to pay any sum whatever on the execution against her husband was a sufficient considera-

tion for a valid agreement by the plaintiff to discharge her own debt. *Brooks* v. *White*, 2 Met. 283, 286. *Bowker* v. *Childs*, 3 Allen, 434. *Hastings* v. *Lovejoy*, 140 Mass. 261. *Marshall* v. *Bullard*, 114 Iowa, 462. *Melroy* v. *Kemmerer*, 218 Penn. St. 381, 384. 1 R. C. L. 182, § 11. 1 C. J. 535, § 37, note 31; 545, § 51, note 27, where many authorities are collected.

It is enough that the consideration is valuable: it need not be adequate. *Train* v. *Gold*, 5 Pick. 380. *Perkins* v. *Lockwood*, 100 Mass. 249, 250. *Hastings* v. *Lovejoy*, 140 Mass. 261, 264.

*Exceptions overruled.*