The People of the State of Illinois ex rel. Charles E. Gray, Appellant, v. Joseph McFadden, Appellee.

Gen. No. 8,918.

434 

 Heard in this court at the February term, 1935. Opinion filed May 1, 1935. Rehearing denied June 26, 1935.

OTTO KERNER, Attorney General, and DONOVAN, BRAY & GRAY, of Joliet, for appellant.

WILLIAM C. MOONEY, of Joliet, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This is an appeal from a judgment in an action in the nature of a quo warranto upon an information filed in the circuit court of Will county. There was no evidence submitted in the case. The judgment was entered on the pleadings. A demurrer to a replication having been sustained, appellant elected to abide said pleading, whereupon judgment dismissing the information was entered by the trial court.

The controversy in this cause grows out of a dispute between appellant and appellee as to which one of them is entitled to hold the office of member of the board of review of Will county. A vacancy arose upon said board because of the death of one of its members, whose term did not expire until April 28, 1934. On February 15, 1933, the county judge of said county, pursuant to par. 341, ch. 120, Cahill's St. 1933, appointed appellant a member of said board to fill the unexpired term of the deceased member. Subsequently, and on February 24, 1933, the appellant not having qualified as a member of said board, as provided by statute, nor having otherwise signified his

acceptance of said office, the court did on said date appoint appellee as a member of said board to fill such vacancy. Appellee proceeded to qualify on the 27th day of February, 1933, and subsequently thereto did enter upon the discharge of the duties of said office. According to appellant's replication number two, which is the one before us in this appeal, appellant, for the purpose of qualifying as a member of said board, subscribed to the oath as provided by statute, on the 31st day of May, 1933, and upon the following day presented himself before said board, stating his willingness to assume the office and to enter upon the discharge of the duties incident thereto. Appellant was not permitted to so do because of the fact that appellee was then serving as a member of said board pursuant to his appointment as above set out. The deceased member, appellant, and appellee were all of the same political party.

Appellant takes the position that upon his designation to said office on February 15, 1933, he thereby became a legal member of said board, and that the existing vacancy became filled; urging that before appellee could be legally appointed thereto or serve as a member thereof, it was first necessary for appellant to be removed from such office. Appellant in this respect seeks to rely upon the rule that when the office is for a fixed term, the power of appointment does not carry with it the power of removal unless so provided, and that the appointing agency does not possess the power of removal as an incident to the power of appointment. Appellant then claims that the county court of said county had no power to remove him and that therefore the subsequent appointment of appellee was void, and that this is the controlling and decisive question. We are not disposed to take this view of the case. Before the appellant could claim the application of

such rule, it must first appear that he was a legal member of said board. As stated, he takes the position that he became a fully qualified legal member of such board upon his appointment thereto, and therefore his removal was necessary before appellee could be legally appointed, and become a member of the board. Appellant denies the right of the county court to remove him in the manner claimed, and urges that such act was void, and that he is entitled to the office in question. We do not consider that the question of removal of appellant by the county court is involved herein, or that the determination of the question of the right of a county court to remove a member of the board of review during his term and appoint a successor, is necessary to the disposition of this case.

Frequently the appointment is all that is necessary to completely vest the appointee with the office in question, and nothing remains to be done except for him to assume the discharge of the duties thereof. Laws of various States often provide that before an officer shall enter upon the discharge of his official duties, he shall qualify in a manner provided by the statute. The common forms of qualification usually consist in such person taking a prescribed oath, or filing a bond, or both, before he shall be permitted to assume the office and the discharge of his official duties. Where an appointee is required by law to take an oath of office or give bond before entering upon the duties thereof, he cannot be considered as legally qualified unless and until he takes such oath or gives such bond.

When a qualification is required to be made on the part of a person appointed to office, then both the appointment and the qualification, while distinct and separate things, are necessary to constitute such person an officer *de jure*. If it be provided by law that an appointee to public office must do certain things by way of qualification before entering upon the duties of

such office, then these acts upon his part become conditions precedent to the complete investiture of the office and before he can become an officer *de jure*. Appellant failed to qualify as a member of the board of review, and he did not become an officer *de jure* by virtue of his appointment alone. He never actually entered upon the discharge of the duties of said office, therefore he cannot be said to have become a *de facto* officer. Appellant on February 24, 1933, being neither an officer *de jure* nor a *de facto* officer, the question of his removal as an officer of the board of review was not incident to the appointment of appellee. The question here presented is not the power of the county judge to remove appellant and appoint appellee in his stead, but is the power of the county judge to fill a vacancy existing by law at the time.

While the act in question does not specify the particular number of days in which the officer designated as an appointee must qualify, yet there is nothing contained therein to compel the county court to permit a person who has been appointed to fill a vacancy, to cause such vacancy to continue by his silence and failure to accept such appointment, and qualify therefor in the manner provided by law. Such would render the court powerless to discharge its official duty. Appellant did not qualify by subscribing to the oath of office as required by the act, until May 31, 1933, which was three and one-half months after his appointment. He makes no proper showing to excuse his failure to qualify, and does not contend that the county court was guilty of any abuse of power in appointing appellee, but maintains that such court was wholly without power to make such appointment. The statute makes it the duty of the county court to fill all vacancies occurring upon the board of review by death, resignation, or removal. In the consideration of the act in question, we are of the opinion that on February 24,

1933, when appellee was appointed, and on the second day following, when appellee qualified, that a vacancy existed upon said board, and that the appellant in point of law was not an officer *de jure* nor a *de facto* officer thereof. It would be against public policy to permit a person appointed by a court to a public office to fill a vacancy, to cause such vacancy to continue by his silence and failure to qualify, or failure to otherwise signify his acceptance of same, and thus render the court powerless to perform its official duty. Under such circumstances, the court has ample power to perform its official duty and to make such appointment.

It is the intention and contemplation of the statute that the board of review shall consist of three members. The term of each member commences with the date of his appointment and not at some future time. It is not within the province of any person appointed to such board to cause a vacancy to exist thereon by his failure to qualify, and then be heard to complain upon the appointment and qualification of another in his stead, after he has had ample and reasonable time in which to have qualified, and makes no proper showing why he was prevented therefrom. It is not contemplated by the statute that an appointee to this office shall exercise his own discretion as to when he shall assume the office. The statute expressly provides that his tenure of office shall begin with the date of his appointment. The statute further provides that in order to qualify, such person must take a subscribing oath. Such provision having to do with his qualification to assume the office relates to the date of his appointment thereto, and not to some future time resting within the determination of the appointee. If he be permitted to take three months, upon the same reasoning, he might take six or twelve months. It must be said in order to carry out the purposes of this act, that it was the intention of the legislature that any ap-

pointee thereunder should proceed to qualify within a reasonable time after his appointment.

Appellant urges that the office became filled upon his appointment. In no case can an office be considered as filled until there is an acceptance of the appointment by the person chosen. Such acceptance need not be signified in expressed terms, but may be implied from subsequent conduct of the appointee, such as the taking of the oath of office, the filing of bond, or otherwise qualifying in the manner provided by law, or entering upon the actual discharge of the duties of such office. Appellant did none of these. On the other hand, the subsequent conduct of an appointee may demonstrate upon his part a nonacceptance of the office, such as his failure or refusal to qualify in the manner provided by law, within the time fixed, and if no time is fixed, then within a reasonable time. In this case a vacancy existed upon the board of review of Will county. Appellant, although having been appointed to fill such vacancy, did not comply with the law in qualifying. The statute expressly forbids his assuming the duties of this office without qualifying in the manner therein set out. Nothing appeared in appellant's replication to indicate that he in any way signified to the county court his acceptance of said office, or his intention to qualify therefor. We are of the opinion that it cannot be said that the vacancy existing upon the board of review was legally filled by appellant under the circumstances as exist in this case. The statute refutes the presumption that a county is ever intended to be without a board of review, and it makes it the duty of the county court to see that such board shall be composed at all times of the proper number of persons. It is therefore manifest that it was the duty of the county court to see that the vacancy in this case was filled, and it is not unreasonable to say that the law intends that the court shall perform this part of his official duties

with due dispatch. The county court was not chargeable with knowledge whether appellant intended to qualify and assume the duties of the office, or not. The only knowledge the court had in this respect was the fact that appellant had not qualified at the time appellee was appointed and qualified.

If the conclusion reached by a lower court is correct, the reasons which led it to such conclusion are not controlling. It is the judgment of such court and not its statement or theory, which is presented on review. A court of review will sustain the judgment of a lower court, if the law, and the facts as presented by the record, justify it, whether the reasons or theory upon which the case was decided, were good or not.

We are of the opinion that the judgment of the trial court in this case was correct, and the same is affirmed.

*Judgment affirmed.*