Rowe, J.
This is an action of contract on a judgment obtained in the Superior Court. The case was submitted on an agreed statement of facts on which the trial judge found for the defendant.
The agreed facts so far as now material are as follows: the “records in the Superior Court between the same plaintiffs and defendant” read that the defendant was defaulted, that judgment was entered for the plaintiff, upon said default in the sum of $2033.74 damages and costs of $12.40; that “execution was issued May 14,1931 and was returned satisfied in full, Deo. 10, 1931.”
*422 Further that the “return” upon the execution reads “the within execution never having been in the hands of an officer is hereby returned as satisfied in full by promissory note of R Donat Audette and Clara Audette. Charles F. Archambault, for pis.”
The agreed statement of facts calls it the “records” of the Superior Court. By this we understand it is meant the docket entries. As is said in Read v. Sutton, 2 Cush. 115, 123, “the docket is the record, until the record is fully extended, and the same rules of presumed verity apply to it as to the record. Every entry is a statement of the act of the court, and must be presumed to be made by its direction, either by a particular order for that entry, or by a general order, or by a general and recognized usage and practice, which presupposes such an order. We must therefore presume that the several entries on the docket under this action were made by the clerk by proper authority."
The docket entries cannot be contradicted. They stand until correction is ordered by the court. Savage v. Welch, 246 Mass. 170, 176.
In the case at bar the records of a court showing judgment satisfied are not such records upon which a plaintiff can successfully bring a suit on the judgment.
The plaintiff further argues that the wording indorsed upon the execution does not show that the execution was properly satisfied and so prevents the defendant from claiming advantage of this affirmative defence. Although the agreed facts describe the indorsement on the execution as a “return” since it is signed by the plaintiff’s attorney and not by an officer, it is not a return and rises to no higher dignity than a mere receipt subject to explanation. Brown v. South Boston Savings Bank, 148 Mass, 300 at 306.
*423 In the case at bar there is something more than the execution delivered back into court. The docket entry shows the execution to be satisfied. In Lait v. Sears, 226 Mass. 119 it is intimated (p. 125) that if in addition to the redelivered execution there is a formal entry upon the records of the court of a satisfaction of final judgment an attempt to show otherwise would be a collateral attack upon the records of the court. The indorsement on the execution in the case at bar does not prevent the record of the court from being effective. The trial judge properly found for the defendant. Report dismissed.