Richmond Wright, Appellee, v. Federal Wrecking
Company et al.
Appeal of R. A. Goldman, Appellant.

Gen. No. 43,865.

232

Opinion filed May 7, 1947. Rehearing denied May 22, 1947. Released for publication May 22, 1947.

LAURENCE M. FINE, of Chicago, for appellant.

DAVID H. CAPLOW and C. A. CAPLOW, both of Chicago, for appellee; C. A. CAPLOW, of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

On December 29, 1943 the Industrial Commission of Illinois, by its arbitrator, entered an award that Richmond Wright, a resident of Chicago, was entitled to receive from the Federal Wrecking Company, a corporation, and R. A. Goldman, certain sums of money by virtue of the provisions of the Workmen's Compensation Act of Illinois. On October 19, 1944 the Commission ordered that the respondents pay to Wright the sum of $2,818.74, representing the accrued compensation payments, plus $1,409.37, being a penalty of 50 per cent, or an aggregate sum of $4,228.11. On January 22, 1945 Wright filed a petition in the circuit court of Cook county, setting forth the record before the Industrial Commission and alleging that the name of the corporate defendant was changed to Federal Wrecking & Supply Company. The petitioner prayed that judgment be entered against R. A. Goldman, the Federal Wrecking Company, a corporation, and the Federal Wrecking & Supply Company, a corporation, in the sum of $4,228.11, plus costs and attorney's fees. On January 23, 1945 the circuit court entered judgment against the respondents for $4,728.11, which included the amount of the award and $500 allowed to petitioner as costs and attorney's fees. An execution

issued on January 26, 1945, was returned unsatisfied by the sheriff on June 22, 1945. On November 11, 1945 a satisfaction of judgment signed by petitioner, acknowledging full satisfaction of the judgment and costs, and authorizing the clerk to satisfy the judgment of record, was filed.

.On November 16, 1945 David H. Caplow, an attorney, filed a petition in the circuit court representing that he was the attorney for Wright; that he was entitled to a fee on a contingent basis of 20 per cent of the amount of the award, plus the $500 allowed as attorney's fees, in the circuit court; that Laurence M. Fine, the attorney for respondents, was attempting to negotiate directly with Wright for the purpose of settling the judgment without notifying him, Caplow, and that Caplow was entitled to an attorney's lien. He asked that the court impress an attorney's lien in his favor for $1,445.62 "against" the judgment. Notice of the filing of the petition was served on the respondents and on the petitioner Wright. The respondent, R. A. Goldman, answered the petition, asserting that Caplow could not maintain an attorney's lien in view of the provisions of sec. 21 of the Workmen's Compensation Act (par. 158, ch. 48, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 143.36]). The answer further stated that the judgment had been duly satisfied of record and denied that either he or his attorney, Mr. Fine, attempted to negotiate a settlement of the judgment; that on November 5, 1945, respondent called at attorney Fine's office and requested him to prepare the "requisite documents to evidence the mutual agreement between respondent and plaintiff to settle the judgment"; that the parties, including Wright, appeared before the Industrial Commission to effect a lump sum settlement; and that the Commission "upon objection by petitioner to their jurisdiction, which it had lost to the Circuit Court," rejected the petition for consent to a settlement. Respondent

asked that the petition be disallowed, or in the alternative, that the amount allowed be reduced to conform with the final sum recovered by plaintiff.

On January 14, 1946, Richmond Wright, with David H. Caplow and C. A. Caplow as his attorneys, filed a petition in the circuit court, representing that he hired David H. Caplow as his attorney to prosecute his claim for personal injuries while employed by respondents; that an award was made; that judgment was rendered in his favor in the circuit court; that on or about November 8, 1945, he was approached by R. A. Goldman, one of the respondents, who told petitioner that he wished to assist him financially; that he wished petitioner to meet with him, Goldman, at the office of attorney Fine; that on or about November 14, 1945, he met attorney Fine and respondent Goldman in the office of attorney Fine; that then attorney Fine tendered to him the sum of $350, partly in cash and partly by check; that attorney Fine asked him to sign a receipt "for the sum on account of the amount due under the judgment"; that he accepted the sum as payment on account of the sums due and owing under the judgment and affixed his signature to a document which he was informed was a receipt for the sum of $350; that he "has at this time been advised that the purported receipt to which he affixed his signature on November 14, 1945, was not a receipt for the $350 on account of the judgment, but that in fact such document purported to be a complete satisfaction of the judgment rendered in this cause; that petitioner was never advised by the said Laurence M. Fine, nor R. A. Goldman, that the document referred to and to which he had affixed his signature was a satisfaction of the judgment, petitioner having understood that such instrument was merely a receipt for sums received on account of the judgment; and that petitioner, while not illiterate, did not understand the wording and language of the instrument purported to be a satisfac-

tion of the judgment.'' He prayed that the satisfaction of judgment of record be cancelled, annulled and expunged from the records, that respondents be given credit for the $350 paid on account of the judgment, and that he have such further relief as may seem meet.

R. A. Goldman, answering, admitted meeting petitioner on or about November 8, 1945; stated that such meeting was ''at the importunities of petitioner''; denied that attorney Fine at any time tendered Wright the sum of $350 or any other sum ''as set forth in the petition''; denies that Wright was asked to sign a receipt therefor; denies that Wright was advised that the document which he signed was merely a receipt for $350 and not a complete satisfaction; asserts that Wright for many years prior to the occasion ''importuned'' respondent to pay him the sum of $350 in full satisfaction of the judgment; that at the office of attorney Fine, he, Wright, again requested payment of $350 ''in full of said judgment''; that at that time respondent acceded to Wright's ''importunities'' and ''entered into said satisfaction of judgment''; that Wright was fully aware of the import of the satisfaction of judgment by him executed and delivered; that he ''carefully'' read it before affixing his signature; and that he was ''advised fully and at length'' of the contents and of ''the purposes to be served.'' Respondent Goldman in his answer moved that the petition be stricken on the ground that (a) Wright admits he is not illiterate; that he read the satisfaction of judgment and that he is charged with knowledge of the ''document by him signed''; (b) that Wright does not charge fraud in procuring his signature and there was no fraud or misrepresentation in fact; that no fraud could be charged where he ''had full opportunity to read and examine'' the document; (c) that petitioner admits he ''received consideration for the accord and satisfaction by him consummated''; that he failed to return or tender the consideration, but re-

tained it; and (d) that Wright in his petition committed "wilful perjury and seeks to invoke equity by dishonorable means." The record shows that on March 15, 1946, an instrument assigning $1,445.62 of the judgment from Wright to David H. Caplow was filed in the circuit court. The attempt by attorney Caplow to enforce an alleged attorney's lien was abandoned. A trial before the court without a jury resulted in an order finding that the payment of $350 did not constitute payment in full or satisfaction of the judgment, and that it was a payment on account of the judgment. The court directed that the satisfaction of judgment filed on November 14, 1945, be set aside, cancelled and declared of no force and effect; that the judgment be in full force and effect and unsatisfied except to the extent of $350 paid on account; and that execution or other process issue in the usual manner in favor of plaintiff in the same manner as though no satisfaction piece appeared of record. R. A. Goldman appealed.

In an oral opinion the trial judge grounded his order on the view that the $350 paid for the satisfaction piece constituted only part payment of the judgment, and that without a new or additional consideration this could not discharge the judgment. There was a dispute in the evidence as to whether petitioner knew that in accepting the $350 he was relinquishing the balance of the judgment. He testified that the payment of $350 was merely on account, whereas there was testimony by the respondent that the $350 was in full satisfaction of the judgment and so understood by petitioner. The order entered by the court indicates that the contentions of Wright, as stated in his petition, were sustained. The rule is that if the conclusion reached by the trial court is correct, the reasons which led it to such conclusion are not controlling. It is the judgment of the court and not its statement or theory which is presented on review. *People ex rel. Gray v. McFadden,* 280 Ill. App. 433, 440.

We shall consider only the point as to whether the payment of $350 satisfied the debt represented by the judgment. The order of the Industrial Commission was entered on October 19, 1944, and the judgment of the circuit court was entered on January 23, 1945. The satisfaction piece was filed on November 14, 1945. There is no attack on the jurisdiction of the Industrial Commission or the circuit court over the subject matter or the parties. It is not contended that the judgment is invalid. No appeal was attempted or prosecuted. There was a duty on the respondents to pay the judgment. Respondent is not in a position at this time to attack the judgment. He cannot do so collaterally. The general rule is that in the absence of a statute providing otherwise, a judgment is not discharged by a part payment under a parol agreement that such payment shall be accepted in full satisfaction, or by a part payment and an ordinary written receipt in full, and that the release of a judgment for less than the amount due is without consideration as to the balance and should be set aside *pro tanto*. 49 C. J. S., page 1038. It was held in *Weber v. Couch,* 134 Mass. 26, that an agreement (indorsed upon an execution) by which a creditor acknowledged satisfaction of the judgment in consideration of the payment of a smaller sum than the amount due thereof, was invalid. This case was followed in *Smith v. Johnson,* 224 Mass. 50, 112 N. E. 644. In *Ostrander v. Scott,* 161 Ill. 339, our Supreme Court said (345):

"The authorities are numerous and uniform that a payment of a part of a fixed and certain demand which is due and not in dispute is no satisfaction of the whole debt, even where the creditor agrees to receive a part for the whole and gives a receipt for the whole demand. (Bishop on Contracts, sec. 50; 2 Parsons on Contracts, (5th ed.) 618; *Curtiss v. Martin,* 20 Ill. 557; *Morrill v. Baggott,* 157 id. 240; *Titsworth v. Hyde,* 54 id. 386.) This doctrine rests upon the ground that the agreement for a discharge of the entire debt is with-

out consideration. But it is limited to cases where the debt is of the character stated. It has no application to the honest settlement of unliquidated or disputed demands. (*Hayes v. Massachusetts Life Ins. Co.*, 125 Ill. 626.) The rule disregards the actual intention of the parties, and if the balance due is disputed and the subject of an honest settlement and adjustment by the parties, such settlement will bar a recovery.''

This doctrine was followed in the case of *In re Estate of Cunningham*, 311 Ill. 311, involving partial payment of a claim in the probate court.

Under the authorities the trial judge was right in holding that the $350 did not satisfy the judgment and that it was a payment on account. Respondent urges that the only point raised by Wright in his petition was that there was fraud or misrepresentation in the procurement of the release and the satisfaction. We cannot agree with this contention. In the petition Wright asserts that he received only partial satisfaction of the judgment and that the satisfaction of judgment should be expunged and the respondent given credit for the $350 which he (Wright) contended was paid on account. The answer of respondent asked that Wright's petition be stricken on the ground, among others, that he, Wright, received consideration ''for the accord and satisfaction.'' On a motion to dismiss, a pleading is construed most strongly against the pleader, but after verdict all intendments and presumptions are in its favor. *Sargent Co. v. Baublis*, 215 Ill. 428, 430. See also *Owens-Illinois Glass Co. v. McKibbin*, 385 Ill. 245, 250. In our opinion the petition and the answer presented the issue on which the court decided the case. The record shows that the respondent had full opportunity to present a defense and that he was not taken by surprise. There was testimony that respondent occasionally loaned petitioner a dollar and gave him some coal. From a con-

sideration of the record, it is obvious that these acts were not understood by Wright, or intended by respondent Goldman, as part payment of the judgment. No petition in the nature of a writ of *audita querela* asking that he be credited with any such payments on the judgment was filed by respondent.

For the reasons stated, the order of the circuit court entered March 15, 1946, setting aside and cancelling the satisfaction of judgment except as to $350, is affirmed.

*Order affirmed.*

LEWE, P. J., and KILEY, J., concur.