ZUCIO A. ROTHENBERG, trustee, & others *vs.* BOSTON HOUSING AUTHORITY & others.

Suffolk.   March 4, 1957. — March 28, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, & WHITTEMORE, JJ.

*Interest.   Eminent Domain,* Interest, Taxes.   *Practice, Civil,* Appeal, Findings by judge, Requests, rulings and instructions, Interest, Agreement for judgment, Proceeding for assessment of land damages. *Mandamus.   Damages,* Eminent domain.   *Execution.*

Upon an appeal under G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4, from a final judgment in a mandamus proceeding in which the evidence was not reported but there was a report of material facts containing no inconsistent findings, the report must be accepted as true and the question was whether the proper judgment was entered on the facts found.   [599]

Upon an appeal under G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4, from final judgment in a mandamus proceeding, requests for rulings have no standing.   [600]

The sum stated in an agreement for judgment, containing no reference to interest, entered into by the parties to a proceeding for. assessment of damages for a taking by eminent domain must be considered to be the full amount of damages, and the petitioner was not entitled to interest on that sum between the date of the taking and the date of the judgment.   [600]

In a mandamus proceeding by a landowner against a housing authority under G. L. (Ter. Ed.) c. 121, § 26V, as appearing in St. 1946, c. 574, § 1, seeking an order for payment of a judgment entered for the petitioner in a proceeding against the authority for assessment of damages for a taking by eminent domain, the petitioner was entitled to interest on the judgment from its date to the time of its payment.   [600]

An indorsement on an execution by counsel for the judgment creditor, that "the within execution is satisfied in full and may so be returned

to court," did not preclude the creditor from showing that a smaller amount was actually received. [600]

Where the sum stated in an agreement for judgment for the petitioner in a proceeding against a housing authority for assessment of damages for a taking of real estate by eminent domain covered all the damages, it included any apportioned taxes on such real estate under G. L. (Ter. Ed.) c. 79, § 12, as amended by St. 1953, c. 634, § 1, and the petitioner was entitled to be paid by the authority no more than the balance of the agreed sum remaining after deduction of the full amount of taxes payable to the collector of taxes pursuant to a notice of claim received by the authority from the collector under c. 79, § 44A, inserted by St. 1935, c. 189, as amended by St. 1936, c. 137. [601]

A judgment debtor which paid the amount of the judgment without interest due from its date to the date of the payment was liable to the judgment creditor for the amount of that interest with interest on that amount from the date of such payment until the further payment was made. [601]

PETITION for a writ of mandamus filed in the Supreme Judicial Court for the county of Suffolk on May 14, 1956.

The case was heard by *Counihan, J.*

*Israel Bernstein,* for the petitioners.

*John C. Conley,* for the respondents.

WILKINS, C.J.   The trustees under two declarations of trust, who are now the petitioners, brought a proceeding in the Superior Court against the respondent Boston Housing Authority for the assessment of damages on account of the taking of certain land and buildings by eminent domain on July 28, 1955.   Before trial the parties entered into a written agreement for judgment in the sum of $84,500, of which $25,000 was to be paid to a mortgagee and the balance of $59,500 to the petitioners.   In the meantime the collector of taxes of the city of Boston notified the authority that the city held a lien on the premises for $5,624 for taxes and water rates computed to the date of the taking.   G. L. (Ter. Ed.) c. 79, § 44A, inserted by St. 1935, c. 189, as amended by St. 1936, c. 137.[1]   On April 20, 1956, execution in the sum of $59,500 issued in favor of the petitioners.

---

[1] "If real estate taken in whole or in part by eminent domain was at the time of said taking subject to any lien for taxes, assessments or other charges, which is extinguished by such taking, and if the collector of taxes of the town in which such real estate is located gives written notice of a claim of the amount covered by such lien to the body politic or corporate, on behalf of

On May 14, 1956, there was entered in the Supreme Judicial Court for Suffolk County this petition for a writ of mandamus against the authority and its members seeking an order for the payment of the judgment. G. L. (Ter. Ed.) c. 121, § 26V, as appearing in St. 1946, c. 574, § 1.[1] On May 17, 1956, the authority, after deducting $5,624, paid the petitioners $53,876; and counsel for the petitioners indorsed on the execution, "The within execution never having been in the hands of an officer for service, the within execution is satisfied in full and may so be returned to court." The single justice ruled that the authority was entitled to deduct the $5,624, and ordered that judgment be entered dismissing the petition. From such a final judgment the petitioners appealed. G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4.

An appeal under c. 213, § 1D, from final judgment in mandamus or certiorari is subject to the practice in equity. See, as to mandamus, *Henderson* v. *Mayor of Medford*, 321 Mass. 732; *Hill* v. *Trustees of Glenwood Cemetery*, 323 Mass. 388, 392; *Caires* v. *Building Commissioner of Hingham*, 323 Mass. 589, 590; as to certiorari, *Lawrence* v. *Commissioners of Public Works*, 319 Mass. 700, 702; *Feener Business Schools, Inc.* v. *Board of Collegiate Authority*, 329 Mass. 170, 171–172. There is no report of the evidence, but there is a report of the material facts under G. L. (Ter. Ed.) c. 214, § 23, as appearing in St. 1947, c. 365, § 2. Hence, the report of material facts must be accepted as true where containing no inconsistent findings, and the question is whether the judgment was rightly entered on the facts found.

---

which such taking was made, prior to the payment of any award of damages for such taking or to the entry of judgment therefor, said collector shall be entitled to be paid such amount before any payment of damages for such taking is made to any other party; and any amount so payable on account of such taxes, assessments or other charges shall be deducted from the amount of such damages otherwise payable."

[1] Section 26V reads in part: "The property or funds of a housing authority shall not be subject to attachment, or to levy and sale on execution, but if a housing authority refuses to pay a judgment entered against it in any court of competent jurisdiction, the supreme judicial court, sitting within and for the county in which the authority is situated, may, by writ of mandamus, direct the treasurer of such authority to pay such judgment. . . ."

*Kennedy* v. *Shain*, 288 Mass. 458, 459. *Estey* v. *Gardner*, 291 Mass. 303, 306. *Macklin* v. *Macklin*, 315 Mass. 451, 452, 454. *Harpel* v. *Craig*, 327 Mass. 229, 232. The requests for rulings were unnecessary and have no standing as such on appeal. *Estey* v. *Gardner*, 291 Mass. 303, 307–308. *Stoneham Five Cents Savings Bank* v. *Johnson*, 295 Mass. 390, 393. *National Radiator Corp.* v. *Parad*, 297 Mass. 314, 319. *Boston* v. *Dolan*, 298 Mass. 346, 349. *Gulesian* v. *Newton Trust Co.* 302 Mass. 369, 372.

The amount of the agreed judgment, making no reference to interest, must be taken to be the full amount of damages. This means that there can be added no interest for the interval between the date of the taking and the date of the judgment. *King* v. *Springfield*, 233 Mass. 592. *Albrecht* v. *United States*, 329 U. S. 599. *United States* v. *Certain Land*, 58 Fed. Sup. 305 (D. C. E. D. Mo.). *United States* v. *71,500 Square Feet*, 69 Fed. Sup. 810 (D. C. S. D. N. Y.). *Matter of Ittleman*, 286 N. Y. 150. 36 A. L. R. (2d) 423. See *First Baptist Society* v. *Fall River*, 119 Mass. 95; *Minot* v. *Boston*, 201 Mass. 10.

We perceive no reason, however, why there should not be interest from the date of the judgment, April 20, 1956, to the date of payment. The petitioners are claiming under G. L. (Ter. Ed.) c. 121, § 26V, as appearing in St. 1946, c. 574, § 1. The fact that the respondent is not the Commonwealth is a sufficient distinction of *General Electric Co.* v. *Commonwealth*, 329 Mass. 661. Compare *C. & R. Construction Co.* v. *Commonwealth*, 334 Mass. 232.

We now consider the alleged error in the deduction of taxes. The petitioners are not precluded by the indorsement of payment in full on the execution from showing the actual amount received. *Brown* v. *South Boston Savings Bank*, 148 Mass. 300, 306. And an acknowledgment of satisfaction of a judgment indorsed upon an execution has been held to be invalid where made in consideration of the payment of a smaller sum than the amount due. *Weber* v. *Couch*, 134 Mass. 26. *Smith* v. *Johnson*, 224 Mass. 50. *Lait* v. *Sears*, 226 Mass. 119, 125. There was, however, no error.

The collector gave notice pursuant to G. L. (Ter. Ed.) c. 79, § 44A, inserted by St. 1935, c. 189, as amended by St. 1936, c. 137, and it then became mandatory that the taxes "be deducted from the amount of such damages otherwise payable." Likewise there was no error in the amount. There could be no apportionment under G. L. (Ter. Ed.) c. 79, § 12, as amended by St. 1953, c. 634, § 1[1] which provides that in certain circumstances "the damages for the taking shall include an amount separately determined" for taxes to be apportioned. As previously pointed out, the agreed judgment covered all the damages.

The judgment is reversed. A new judgment is to be entered for the payment of interest on $53,876 from April 20, 1956, the date of the judgment, to May 17, 1956, and on that amount of interest from May 17, 1956, until payment is made. G. L. (Ter. Ed.) c. 79, § 37.

*So ordered.*