JOHN M. HARLOW *vs.* ARTHUR M. COWDREY.

A conveyance of land "in trust to receive the rents and profits thereof for the sole and separate use of" a woman, then unmarried, "whether single or married, and to pay the same over to her, her heirs and assigns forever," does not vest the legal title in the woman's heirs after the death of herself and the trustee.

CONTRACT for breach of an agreement to convey land in Boston to the plaintiff " by a good and sufficient warranty deed of the defendant and his wife, conveying a good and clear title to the same free from all incumbrances." The case was submitted to the judgment of the superior court, and, on appeal, of this court, upon a statement of these facts :

In 1839, Jabez Walcott, being the owner in fee of the land in question, conveyed it to Francis R. W. Emery and his heirs and assigns, " in trust nevertheless to receive the rents and profits thereof for the sole and separate use of Mary B. Walcott," who was the grantor's daughter, " whether single or married, and to pay the same over to her, her heirs and assigns forever." Mary B. Walcott afterwards married Emery, and died, leaving one child, now the wife of the defendant. Emery and Jabez Walcott have also both died, Emery leaving several children by three wives, and Walcott leaving the defendant's wife his sole heir. Since Emery's death no new trustee has been appointed. The defendant tendered to the plaintiff the warranty deed of himself and his wife of the premises in question ; but the plaintiff refused to accept it, on the ground that it did not pass a good title.

*H. L. Hazelton*, for the plaintiff.

*J. P. Converse & E. A. Kelly*, for the defendant.

AMES, J. We are of opinion that the deed tendered by the defendant was not sufficient to convey a clear and unincumbered title to the estate, and therefore was not such as by the terms of his contract he was bound to give.

The effect of the deed from Jabez Walcott was to vest an equitable title to the estate in his daughter, and to place the legal title in the hands of the trustee. *Ayer* v. *Ayer*, 16 Pick. 327. Upon her decease, the equitable title descended to her daughter

and sole heir at law, the wife of the defendant, and the deed which the defendant has tendered was sufficient to convey this equitable title to the plaintiff. But under the circumstances of the case it was incapable of passing the legal estate, which was still outstanding in the heirs at law of the trustee. The original deed from Walcott, although it conveyed no beneficial interest to the trustee, nevertheless conveyed to him the fee, subject to the trust, which is not divested by his decease.

The defendant objects that this interpretation of the deed would sanction the creation of a perpetuity, which, whether covered with a trust, or displayed undisguised in a settlement of the legal estate, is contrary to law, and sufficient to render the whole conveyance void. But this objection cannot prevail. The deed does not create an estate which would be inalienable, "though all mankind should join in the conveyance." On the contrary, the trust created by the deed for the benefit of the grantor's daughter might well be terminated, after her decease, by a deed from her heir at law, with a release also from any successor of the trustee, or from any person or persons holding the legal fee by descent from him. *Parker* v. *Converse,* 5 Gray, 336. Under the Gen. Sts. *c.* 100, § 9, a new trustee might be appointed upon the decease of the original trustee. And there can be no doubt that, upon proper application to the court in equity, and upon proof that the purposes of the trust have been fully accomplished, it might be brought to a close by a decree ordering such a release of the trustee's legal title as the justice of the case might require. *Bowditch* v. *Andrew,* 8 Allen, 339. *Smith* v. *Harrington,* 4 Allen, 566, 568. But until some proceeding for the formal termination of the trust, or for the effectual conveyance of the outstanding legal estate to the plaintiff, is had, the defendant cannot fulfil his contract. The decision must therefore be that the plaintiff is entitled to maintain his action.

*Judgment for the plaintiff.*