### LEONARD THOMPSON *vs.* JUSTIN E. THOMPSON.

Middlesex.   March 17. — June 24, 1885.   W. ALLEN, COLBURN, & HOLMES, JJ., absent.

A testator by his will gave to his son J. a certain sum "to be held in trust as hereafter directed," and to the three children of J., naming them, each "one hundred dollars as hereafter directed;" appointed a certain person trustee to hold the sum of money given to J. so "that he shall have no right to demand any part of said legacy;" ordered the trustee to grant to J. such aid and assistance as his situation might require until the whole sum was expended, and, upon his decease, whatever remained was to be "equally divided among and between his children then living;" empowered the trustee, upon being satisfied that J. would take care of himself and his property, to pay over the whole sum to J., and thus discharge himself as trustee; and directed the trustee to take the full care of J.'s "children's legacy until they arrive to a legal age to receive it; if they should need it sooner, then pay it over to or for them with the interest it has gained or received." By a codicil to his will, the testator gave to J.'s children, naming them, a certain parcel of real estate, "which J. now has as his homestead;" provided that, if there were afterborn children of J., they should receive equal shares with the others; and further provided as follows: "This estate I give in trust the same as mentioned in my aforesaid will; and I hereby order and direct said trustee to not allow any account or claim against the said J. or his heirs' legacies previous to the date of this codicil, from my estate, but to see that the full amount of the legacy to him and his heirs be saved for them, the trustee to be fairly paid and to receive the same from said legacies, and to have the same duties and power in this codicil as given in said will. *Held*, that the use and occupation of said real estate was not given to J.; and that the trustee was entitled to charge the trust estate held for J. with the rent of the real estate.

DEVENS, J. The question presented by this appeal from a decree of the Probate Court disallowing in part the account of a trustee, is whether Justin E. Thompson is rightfully entitled to the use and occupation of a certain piece of real estate known as the "Marcy Place," or whether he is liable to pay rent therefor. The solution of it depends upon the construction to be given to the will of Leonard Thompson, Senior, the father of Justin E., and the codicil thereto.

The sixth clause of the will gave to the testator's son, Justin E., $8000, "to be held in trust as hereafter directed;" and the same clause gave to the three children, naming them, of Justin E., each "one hundred dollars, as hereafter directed."

The eighth clause appoints the appellant trustee to hold all the sum of money given to Justin E., so "that he shall have no right to demand any part of said legacy of money;" orders the trustee to grant to Justin E. such aid and assistance as his situation may require until the whole sum is expended; and, upon his decease, whatever remains is to be "equally divided among and between his children then living." The same clause permits the trustee, in a certain event, to pay over the whole sum to Justin E., and thus discharge himself as trustee. It adds a direction to the trustee to take the full care of Justin E 's "children's legacy until they arrive to a legal age to receive it; if they should need it sooner, then pay it over to or for them with the interest it has gained or received."

The codicil gives to "Justin E. Thompson's children," naming them, the Marcy Place so called; and provides that, if there are after-born children of Justin E., they shall receive equal shares with the others. "This estate," the codicil says, "I give in trust the same as mentioned in my aforesaid will; and I hereby order and direct said trustee to not allow any account or claim against the said Justin E. or his heirs' legacies previous to the date of this codicil, from my estate, but to see that the full amount of the legacy to him and his heirs be saved for them, the trustee to be fairly paid and to receive the same from said legacies, and to have the same duties and power in this codicil as given in said will."

The contention of the appellee is, that, connecting the codicil and the eighth clause of the will, which recites the trust therein

for the benefit of Justin E., and reading them together, the use at least of the Marcy Place is given to Justin E., under the same trust which gives him the sum of money bequeathed for his benefit. But the eighth clause provides for two trusts; namely, for the two sums given by the sixth clause respectively for the father and for the children, in accordance with the direction which is to follow that clause; and it is the trust created by the eighth clause, for the benefit of the children, which is referred to in the codicil by the words "in trust, the same as mentioned in my aforesaid will." Although the codicil describes the Marcy Place as that "which Justin E. now has as his homestead," he is not in any way spoken of as a beneficiary under the codicil, and the estate is in terms given in addition to the legacy under the will which the children named have therein bequeathed to them. The controlling object of the codicil is to enhance, by the devise of the real estate, the trust estate in personal property created by the will for the benefit of the children, although the devise would operate in favor of after-born children, so far as the realty is concerned, who are not provided for by the trust in favor of the children named in the eighth clause of the will.

That the trust referred to in the codicil is not the one in the will relating to Justin E..and the sum of money set apart for him, is shown by considering that those children who are to have the benefit of the remainder of the legacy in favor of Justin E. are not those mentioned by name in the will and codicil, but only such of them as may be living at the decease of Justin E. It is further seen, by observing that it is in the power of the trustee, upon being satisfied that Justin E. will take care of himself and his property, to transfer to him the whole property bequeathed for his benefit by the will, and that then the receipt of Justin E., with the consent of his friends and the trustee, will be a full discharge of the trust. It is quite impossible that a trust like this can have been the one referred to in the codicil as governing the disposition and care of the property therein bequeathed for the benefit of the children.

As neither the real estate nor the use thereof was devised in terms for the benefit of Justin E., and as he had therefore no legal right to the occupation thereof, the trustee was entitled to

charge the trust estate held by him for the benefit of Justin E. with the rent of the Marcy Place, in order that the estate held by him for the children might receive the benefit of it in the adjustment of accounts between the two trusts and with the trustee.

The trust in the will (apart from what would otherwise be the duty of the trustee) contemplates that the trustee, in his care of the children's legacy, will invest it so as to obtain interest therefor. In holding the real estate for their benefit under a similar trust, it would be his duty to obtain a reasonable rent for it. The case presents no question whether, under the terms of the trust, the trustee might not, in his discretion, permit the appellee to occupy the premises without rent, if it were deemed by him necessary that the children should thus be provided with a comfortable home.          *Decree reversed.*

*G. W. Norris*, for the appellant.

*M. T. Allen*, for the appellee.