## WALLACE M. SWIFT *v.* MARY A. EMERSON.

Suffolk, October, 1901.

*Trust — Declaration Subsequent to Creation of Trust — Admissibility in Evidence — Statute of Frauds — Merger of Legal and Equitable Estates.*

Title in this case comes under a deed from one Newhall to Fred M. Libbey and Ethel N. Morris, "Trustees," dated and recorded in March, 1894.   November 1, 1897, there was recorded a declaration of trust, dated and acknowledged in October, 1894, and signed by Newhall, Libbey and Morris, reciting the foregoing deed and declaring that "the trusts on which this land was held by said deed were these: That the said lands were to be holden for the sole use and benefit for said Ethel N. Morris, her heirs and assigns, free from the control of her husband; said (prior) conveyance from Ethel N. Morris to said Libbey, and said Libbey to Newhall, were without any consideration and for the sole purpose of excluding the husband of said Ethel N. Morris from having any interest therein."   Contemporaneously with the recording of this declaration of trust there was recorded a deed from Morris and Libbey, "Trustees," to the respondent, — Mary A. Emerson.   In this deed the granting clause reads, "we, Ethel N. Morris and Fred M. Libbey, in consideration of one dollar, etc., paid by Mary A. Emerson, give, grant, bargain, sell and convey unto the said Mary A. Emerson a certain parcel of land," described.   At the end of the description is the recital, "this conveyance is made by us as trustees under declaration of trust, dated October 13, 1894, and

recorded herewith." After the habendum there follow full covenants, including one of warranty, on behalf of "ourselves and our heirs, executors and administrators." Just before the testimonium clause is a release of dower, curtesy and homestead by the wife of Fred M. Libbey and the husband of Ethel N. Morris, and the deed is signed and sealed by all four.

Emerson gave a contemporaneous mortgage on the property to Ethel N. Morris, individually, which was subsequently foreclosed, and the petitioner became the purchaser at the foreclosure sale. Ethel N. Morris' estate is in bankruptcy.

At the hearing in this court there was produced a further or supplementary declaration of trust, recently executed by Newhall, Libbey and Morris, in which a power of sale to the trustees is recited.

The respondents claim, first, that the deed from the trustees was void owing to the absence of a power of sale in the original declaration of trust; or, second, that it conveyed the legal title only and not the equitable title; and, third, that the subsequent declarations of trust cannot avail the petitioner.

The first question is as to the admissibility in evidence of the recent supplementary declaration of trust. In the view I take of the other questions involved, this is immaterial. Nevertheless, the respondents are entitled to a ruling and I rule that the declaration is admissible. It seems to me that the respondent's contention is founded upon a misapprehension. It is true that the declarations of a grantor " to create a trust " must be prior to or contemporaneous with the conveyance, but this is not a matter of creating a trust. It is merely a matter of showing what the trust was. That is a question of fact. Urann v. Coates, 109 Mass. 581. Gerrish v. New Bedford Inst. for Savings, 128 Mass. 159. It is not a formal instrument creating the trust, but a memorandum

put in writing to satisfy Public Statutes, Chapter 141, Section 1, and furnish evidence of a trust already existing. Dorr *v.* Clapp, 160 Mass. 538. Kendrick *v.* Ray, 173 Mass. 305. It is neither the case of a declaration subsequently made to affect the rights of an intermediate purchaser for value, nor a declaration in a party's own interest. It is rather in favor of a purchaser for value as against the declarant. Stratton *v.* Edwards, 174 Mass. 374. Emery *v.* Boston Terminal Co. 178 Mass. 172 at 184.

The next question is as to the power of the trustee to make the sale. It is frequently asserted in a general way that a trustee " cannot " sell his trust estate without due authority therefor; but this must refer, of course, to such a sale as will convey complete title, free from trust. That a trustee not only can always sell and convey his legal title, but that the legal title must pass by every apt conveyance or devise, is too well settled to require discussion. That such a conveyance will, however, still be subject to all the trusts is, of course, equally plain. The next question is as to whether the deed from Libbey and Morris conveyed the equitable as well as the legal title. Whenever the full legal and equitable titles come together in one person, with no interest to keep them apart, there is a merger by operation of law, and the trust is ex necessitate, at an end. In this case we have a full warranty deed executed by the holder of the equitable as well as the legal title. The covenant of warranty is a personal covenant on her part. It does not purport to be a covenant in her representative capacity, nor does the grant purport to be a grant of the legal estate only. True, the covenants refer only to the granted premises, but that " the premises " cannot be restricted in such a case to the limited interest of the grantor in a representative capacity was fully considered and settled in Sumner *v.* Williams, 8 Mass. 162, a case which has been fully cited and explained in many subsequent decisions. It seems to me that under the deed from

Morris and Libbey to Emerson the grantee acquired a complete title. Harlow *v.* Cowdrey, 109 Mass. 183 at 184.

*Decree for petitioner.*

L. R. Wentworth for Petitioner.

Z. S. Arnold for Respondent.