**BARTHOLOMEW v ROTHROCK** et

Ohio Appeals, 2nd Dist, Fayette Co

No 224.   Decided Aug 2, 1935

D. C. Bartholomew, Circleville, for plaintiff.

Maxwell G. Dice, Washington C. H., for defendants.

Joseph McGhee, Columbus, for Orville W. House.

**OPINION**

By BODEY, J.

Determination must first be made of the character of the estate conveyed to C. G. Campbell by Armilda Mallow Johnson by the deed referred to in the petition and the agreed statement of facts. Counsel for the plaintiff urges that this deed conveyed a fee simple title for the reason that the habendum clause thereof is repugnant to the granting clause. We are unable to agree with this contention. It is our view that this deed conveyed to the grantee a base or determinable fee. It is the purpose of the habendum clause of a deed to define the estate which is conveyed. It is the duty of the court to give effect to every clause contained in a deed and if possible to read into the deed the intention of the parties. We have no hesitancy in holding that the estate conveyed by the deed in question was validly limited by the habendum clause and that it was the intention of both parties to this deed to convey to the grantee an absolute title which might be enjoyed by him so long as the premises were used for the buying and shipping of grain. The estate which was conveyed could be divested by the failure of the grantee or his heirs or assigns to comply with the conditions set forth in this habendum clause. We believe that the case of **Sperry v Pond et, 5 Ohio, 388,** is the leading case in Ohio and that it is authority for this statement. While this case was distinguished in the case of **In Re: Matter of Copps Chapel Methodist Episcopal Church, 120 Oh St, 309,** the holding of the court in the latter case is also authority for the proposition that if a deed contains a provision for reversion or forfeiture in case of the failure to comply with certain conditions, such forfeiture may be enforced if default be made in said condition. There is a dissenting opinion in this case which likewise supports this proposition. Under the holding of the entire court in the church case, supra, the deed in the instant case, upon default in compliance with the conditions contained in the habendum clause, would unquestionably have been held to have passed originally a base or determinable fee, and under the language of reversion and forfeiture contained in the case at bar the court would undoubtedly have held that the estate conveyed to C. G. Campbell had failed. To the same effect is the holding of the court of this district while sitting in Pickaway County, in the case of **May v Board of Education, 12 Oh Ap, 465.** In the following two sentences, the court disposes of the question there raised:

"The deed in the May case contains not only a statement of the uses and purposes for which the deed was made, but also an express condition of reverter. We think it is clear under the authorities, which need not be recited, that upon a voluntary abandonment of the premises in question for schoolhouse and school purposes, the title would revert to the heirs of the grantor."

We would hold, therefore, that if Armilda Mallow Johnson was living today and had made no effort to transfer or alienate any right which she might have had in the premises described in the petition she would be entitled to a forfeiture and reversion of said property.

However, Armilda Mallow Johnson died testate in 1917. By her last will and testament she attempted to devise her interest in this real estate. She left heirs at law surviving her. We must, therefore, determine whether or not the reversion passes to the heirs at law or to the devisees, or if all rights of the heirs and devisees have been extinguished by the attempt of the testatrix to devise her interest in this property at a time when the conditions of the deed were being fulfilled. There is no question under the law but what this right of reversion would have passed to the heirs at law of Armilda Mallow Johnson if she had died intestate.

What interest did the testatrix have in this property which she could transmit to Julia E. Hyer, by her will? We do not believe that she had any interest which was capable of being alienated or devised. The only interest which Armilda Mallow Johnson had in this property at the time of her death was the possibility of reverter. She at that time had no right of entry in these premises. It was questionable whether or not she might ever have such a right of entry. Page on Wills, Second Edition, Volume 1, §212, page 370, in a discussion of this question says:

"Where on the other hand, Testator has parted with all his interest and estate in certain realty, and merely reserves a right to re-enter for breach of condition subsequent, such right cannot be devised unless by the provisions of express statute."

In Ohio, at the time this will was made, R. S. §5914, later §10:03 GC, fixed and limited the character of the person who could execute a will as well as the kind of the property which might be transferred by will. The language used is:

"A person of full age, of sound mind and memory, and not under restraint, **who has property, or an interest therein,** may give and bequeath it by last will and testament lawfully executed."

It is our view that a possibility of reverter, similar to that contained in the deed under discussion, is not an interest in property as described in this section. Apparently this was the view of the commentators of the New Probate Code of Ohio because they saw fit to elaborate upon the character of an estate which might be devised by will. If the language of the old section was sufficient to permit the devise of estates such as are particularly described in the new section, it would have been unnecessary to have had the new enactment. §10512-4 GC, which is the new section, says:

"Remainders, whether vested or contingent, executory interests, and other expectant estates are descendible, devisable and alienable in the same manner as estates in possession."

This new section appears to be all-inclusive and, no doubt, if the same had been in existence when Armilda Mallow Johnson executed her will she could have devised effectively her possibility of rever-

sion or re-entry. We do not believe that she had the right or the power to so devise under the provisions of R. S. §5914. For that reason it is our view that the statement from Page on Wills, above quoted, controls the right of the testatrix to devise in the case at bar. The Supreme Court of North Carolina reached a similar conclusion in the case of Methodist Protestant Church of Henderson et v Young et, 130 N. C. 8, 40 Southeastern, 690. In that case it was contended that the statute permitted the devise of rights of entry for conditions broken and that a testator who had made a deed to a church with a condition attached thereto, similar to that found in this case, had a right to dispose of his possibility of reverter by will. The court emphatically held that the statute could only apply to rights of entry for conditions broken in the lifetime of the testator and where he had the right of entry while living. The case is squarely in point on the issues here raised. The case of Upington v Corrigan et, 151 New York, 143, 37 L.R.A., 794, is another well-reasoned case which reaches the same conclusion. Many authorities are cited and the court holds that although a testator may execute his will containing a general residuary clause he cannot pass by that will a right of re-entry to premises which have not reverted to him in his lifetime. It is our conclusion that no estate in the premises described in the petition passed to Julia E. Hyer by the will of Armilda Mallow Johnson.

To whom did the possibility of reverter pass at the death of Armilda Mallow Johnson? It descended to her heirs at law, unless they are estopped from making a claim to this property by reason of her attempt to devise it by her will or unless they have waived their rights to insist upon the forfeiture by failing to demand the same or by lapse of time. We have read the references to 13 Ohio Jurisprudence which have been cited to us by counsel for the respondent. We are willing to concede that the heirs of Armilda Mallow Johnson would be estopped from setting up a claim in this proceeding to this real estate if she had executed a deed for her possible reversionary interest during her lifetime. That would be true because the heirs stand in privity with the ancestor. They could not be permitted in a court of equity to deny the act of their ancestor in attempting to transfer by deed that property which she did or did not own. However, these same heirs at law are not in privity with their ancestor as a testatrix. They do not claim under her now as devisees under her will but they

claim directly as heirs at law. As the ancestor of these heirs at law, and viewing this property as intestate, for such it is, Armilda Mallow Johnson did nothing in her lifetime which would estop these appellants from asserting their claim. They can only be estopped by those actions of their ancestor which would have estopped her while she was living. While living, under the facts in this case, she did not have the power nor the right to include this property in her will. If she had endeavored to do so she would not have been estopped during her lifetime from afterwards claiming the same. Her will spoke from the date of her death and could only affect the interest in property which she possessed. We hold that the doctrine of estoppel does not apply in this case and that the heirs now have a right to assert their claims unless they have waived such right or been guilty of laches.

The case of Sperry v Pond et, supra, disposes of the question of waiver. It appears from the facts in the case at bar that no one of the heirs at law lived nearer than five miles to these premises and it further appears that several of the heirs are nonresidents of the county. The petition to quiet title was filed on June 13, 1933 while the answer and cross-petition of the appellants was filed August 15, 1933. This would have been approximately five years after the premises in controversy ceased to be used for elevator purposes. We do not believe that this is an unreasonable time in view of all the circumstances and the residences of the various claimants. As said in the Sperry case, "if Sperry was ignorant of, or did not assert his claim as soon as he might, he does not thereby forfeit his title." We believe that this language is quite applicable in the present case and we adopt it as our own.

Was it necessary for the heirs at law to demand a forfeiture of these premises, or is it sufficient if they demand possession by the filing of their pleading in this case? Again we adopt the language of the case of Sperry v Pond et, supra, in this particular: "the bringing of this action is such a demand as in England would entitle him to recover for the forfeiture." It is our view and we hold that the filing of this cross-petition by the heirs at law, in which they pray that the possession of the real estate described in the petition be awarded to them because of the default of the grantee of C. G. Campbell in the conditions set forth in said deed is a sufficient demand in law.

On the issues raised between the petition,

the answer and cross-petition of the defendants, who are the heirs at law, and the answer and cross-petition of Orvill W. House, we find in favor of the heirs at law. It is our holding that these appellants, as heirs at law of Armilda Mallow Johnson, are entitled to the immediate possession of the premises described in the petition for condition broken by the grantee of said C. G. Campbell. We make no holding concerning any right of the plaintiff, as grantee of C. G. Campbell, to be paid for any improvements erected upon these premises under the occupying claimant law of Ohio. That question is not presented to us.

Before our holding is journalized counsel for plaintiff will be afforded an opportunity to determine if he desires to plead further, setting up any rights which he may claim under the occupying claimant act.

The costs should be paid by the plaintiff below. Exceptions are saved.

BARNES, PJ, and HORNBECK, J, concur.