METZGER, Exr., Etc. v JOYCE et

Ohio Appeals, 1st Dist, Hamilton Co

No 6038. Decided Nov 26, 1941

George Metzger, Cincinnati, for appellant.

Charles A. Kopp, Jr.; Donald E. Calhoun, Cincinnati, and John W. Cowell, Cincinnati, for appellees.

## OPINION

By ROSS, J.

The judgment of the Court of Common Pleas of Hamilton County was in favor of the defendants upon their cross-petition, seeking partition of the premises involved in an action brought by the plaintiff to sell such premises to pay the debts of his decedent, Phoebe

Stevens (nee Coleman). From such judgment the plaintiff has taken an appeal on questions of law.

The correctness of the conclusion of the trial court is entirely dependent upon a construction of a deed executed by the parents of the decedent and delivered to her.

In the granting clause of this deed title is conveyed to "Phoebe Coleman, her heirs and assigns forever."

By the habendum clause in the deed, the grantee is "to have. and to hold the same to the only proper use of the said Phoebe Coleman, her heirs and assigns forever".

The predicate for the conclusion of the trial court in favor of the cross-petitioners, who are the children or legal representatives of the grantor, is found in a clause following immediately after the description of the property as follows:

"In the event of my daughter, Phoebe Coleman, the grantee herein named dying without leaving any heirs, then the tract of land herein conveyed to my said daughter Phoebe Coleman, to be equally divided between all my children or their legal representatives."

While many early cases placed emphasis upon the several parts of a deed in attempting to reach a conclusion as to its expression of the intent of the grantor, the more modern rule is that the intent of the grantor is to be ascertained by a reading of the entire instrument without undue emphasis upon any particular part. 16 Am. Jur. 570; 26 C. J. S. p. 328, §84, p. 330, b., p. 336, §90; 111 A. L. R. 1082, 1083; Estey v Gardner, 291 Mass. 303; 197 N. E. 72; Yoingers v Schafer, 196 Minn. 147; 13 O. Jur. 894, §83.

In the case of **Bartholomew v Rothrock et, 20 Abs 513,** it is stated in the syllabus:

"It is the duty of the court to give effect to every clause contained in a deed. and if possible, to read into the deed the intention of the parties."

The rule that the instrument shall be construed most strongly against the grantor and those claiming under him **(Goebel v Cincinnati Postal Terminal & Realty Co., 120 Oh St 19, 22)** is only called into use as a last resort to resolve ambiguity. **13 O. Jur. 895, §85;** 16 Am. Jur. 530, §165.

In 16 Am. Jur. 530, §166, it is stated:

"While a construction which favors the grantee will be adopted if all other rules fail to clarify an ambiguous deed, the rule of favor is the last one which courts apply, and will not be resorted to so long as a satisfactory result can be reached by other rules of analysis and construction."

In 26 C. J. S. 322, it is stated in section e:

"While, in case of ambiguity, a deed will be construed most strongly against the party using the words or preparing the deed, such rule will not be applied or invoked until all other rules of construction fail."

There is also some foundation for the rule that where a fee is conveyed unequivocally in the essential parts of a deed, such as in the instant case in the granting or habendum clauses, there is a preference in favor of a fee in the presence of other qualifications in the deed.

See **13 O. Jur. 919, §103.**

This rule, however, is subject to that modern controlling principle requiring everything in the deed to be given effect if possible.

Approaching a construction of the deed in question, guided by the principles noted, the clause following the description of the property cannot be ignored as being in conflict with the granting and habendum clauses, but must as a part of the deed be given its appropriate influence in determining the intention of the grantor.

It must be borne in mind that the grantor could convey all or any part of the estate he possessed in the property involved and with certain incon-

sequential limitations to whom he chose.

It was his evident intent, reading the deed as an entirety, to give his daughter the title to the fee of the property, subject to the limitation that if she died without children, the obvious meaning of the word "heirs", the title of the property should then be by the deed conveyed to the other children of the grantor or their legal representatives.

Sec. 8510-1 GC, provides:

"The use of terms of inheritance or succession shall not be necessary to create a fee simple estate, and every grant or conveyance or mortgage of lands, tenements or hereditaments shall convey or mortgage the fee simple or the whole estate or interest which the grantor could lawfully grant, convey or mortgage, unless it clearly appears by the deed, mortgage or instrument that the grantor intended to convey or mortgage a less estate."

This statute was not in force at the time the deed in question was made, and hence the rule applicable before the passage of the statute is applicable here, requiring words of perpetuity in order to convey a fee to the children of the grantor. **Schurch et v Harraman et, 47 Oh Ap 383, 387.**

The effect of this construction would be to give the grantee in the deed Phoebe Coleman (Stevens) a fee, subject to be divested upon her dying without living children in which case the other children of the grantor, or their legal representatives, would receive a life estate in the property. This obviously was not the intent of the grantor, but his intent to convey a fee to his surviving children is blocked by the operation of the rule requiring words of perpetuity to convey such surviving children a fee.

This being the case and it being impossible to give effect to the intent of the grantor as expressed in the modifying clause, it may be ignored and the language of the granting and habendum clauses having conveyed a fee to Phoebe Coleman (Stevens), such must be considered to be the effect of the deed.

To the claim that it was not his intent to give a fee to Phoebe Coleman, the answer is, that it is not a question of what he intended to do, but what he did. He executed and delivered to his daughter a deed in fee simple. His attempt to modify such action is made ineffective by law. The unaffected language of the deed conveys such fee.

The judgment of the Court of Common Pleas is reversed and the case remanded to the Court of Common Pleas for further proceedings upon the petition of the plaintiff to sell the real estate of said Phoebe Coleman Stevens.

MATTHEWS, PJ. & HAMILTON, J., concur.