Garrity v. Snyder.

T. Edmund Garrity vs. Arthur F. F. Snyder.

Middlesex.    October 1, 1962. — November 7, 1962.

Present: Wilkins, C.J., Spalding, Whittemore, Cutter, Kirk,
& Spiegel, JJ.

*Easement.    Way, Private: creation.    Contract, Waiver, For sale of real
estate.    Waiver.*

Refusal of the purchaser under a contract for sale and purchase of a par-
cel of land to accept a deed and pay the purchase price on the alleged
ground of inability of the seller to convey a certain easement with the
parcel as required by the contract was not a waiver by the purchaser of
such inability as the basis of a claim for repayment of his deposit.
[123–124]

Where the owner of a lot called lot 10, and also of the fee of a way subject
to a restriction that upon conveyance of lot 10 or any part thereof "only
one easement" in the way as appurtenant thereto should be granted, con-
veyed in an adjustment of lots a small strip of lot 10, but not expressly
an easement in the way, to the owner of lots which were adjacent to the
strip and to which an easement in the way was already appurtenant,
no such easement as appurtenant to the strip arose by implication or
was included in the conveyance under G. L. c. 183, § 15, and the grantor
thereafter was able under the restriction to convey an easement in the
way with the rest of lot 10.    [124–125]

Contract.    Writ in the Superior Court dated January
16, 1959.

The action was heard by *Cahill, J.*

*Arthur M. Gilman (Walter H. McLaughlin, Jr.,* with him)
for the plaintiff.

*Roger Allan Moore (John J. Glessner* with him) for the
defendant.

Spiegel, J.    This action, tried by a judge in the Supe-
rior Court without a jury, is to recover the sum of $3,000
paid by the plaintiff on November 1, 1958, as a deposit
under an agreement of purchase and sale of real property
located in Barnstable County and owned by the defendant.
The finding below was for the defendant and the plaintiff
filed a bill of exceptions claiming to be aggrieved by the

denial of certain of his requests for rulings, by the allowance of certain of the defendant's requests for rulings, by the findings of the trial judge, and by the denial of his motion for a new trial.

The evidence is herewith summarized. The subject matter of the agreement was a parcel of vacant registered land together with "a right of way, in common with the Seller and others, for travel by foot over and across Lot C-2 . . . for access to anchorage in Eel River." The agreement further provided that the premises were to be conveyed "by a good and sufficient quitclaim deed" and that "said deed shall convey a good and clear record and marketable title thereto, free from encumbrances . . . ." The deed was to be delivered at an appointed time and place. The purchase and sale agreement also provided that the deposit, in the event of the buyer's default, should be retained by the seller as liquidated damages, or, in the event of the seller's inability to give title as stipulated, should be returned to the buyer.

The plaintiff "report[ed] to his attorney . . . that he had purchased the property and a title search was made immediately." Subsequently his attorney informed the plaintiff that "in his opinion the lot did not have any right-of-way over Lot C-2." The plaintiff's attorney then notified the attorney for the defendant "what the title examination disclosed and informed him that the plaintiff would not purchase the property and asked for a return of the deposit because of the fact that the defendant could not convey the title described in the purchase and sale agreement." In reply the defendant's attorney stated that "he believed that the defendant could grant a good marketable title, and that the defendant would not return the deposit." Although the defendant appeared at the appointed time and place for the delivery of the deed, the plaintiff did not.

The premises involved were originally part of a sizable tract known as lot B-3 and owned by one Lloyd and others (hereinafter referred to as Lloyd) who also owned lot C-2. In 1953, Lloyd deeded to one Grieco and his wife (herein-

after referred to as Grieco) that part of lot B-3 now known as lot 11, together with an "easement and right" to use lot C-2 for access to the Eel River.   In 1955, Lloyd deeded that portion of his property known as lot 7 to one Van Horne and his wife with the same right of way over lot C-2. Thereafter, by a deed dated August 30, 1957, Lloyd conveyed to the defendant that part of lot B-3 known as lot 10 and lot C-2 itself.   The deed also recited that lot C-2 is "sold subject to the restriction that upon any future sale of Lot 10 above described or any part thereof, only one easement shall be granted on said Lot C-2 as appurtenant to Lot 10."

On the same day that Lloyd conveyed lot 10 to the defendant, Lloyd conveyed lot 12 to Grieco, the deed to which lot also granted an easement in and over and the right to use any part of lot C-2 in common with others and provided that, upon any future sale of lot 12 or any part thereof, only one easement could be granted on lot C-2 as appurtenant to lot 12.   Six days after these last mentioned conveyances, the defendant deeded to Grieco a small strip, not more than twenty-five feet wide, out of lot 10.   This minute strip is known as lot 13 and the deed to it contained no reference to the granting of any easements over lot C-2. At the same time, Grieco conveyed to the defendant a strip, at its widest part not more than 3.4 feet wide, known as lot 9.   This lot 9 and the remainder of lot 10 constitute the parcel of land involved in the purchase and sale agreement.

The judge below made no determination as to the defendant's ability to convey the disputed right of way.   He found that the plaintiff had "waived any objections he might have had that the premises were not free from encumbrances" by his failure to appear "at the place and time appointed" in the agreement for the delivery of the deed or at any time thereafter, and that no tender was made of the agreed purchase price.   Such finding of waiver was erroneous.   If a purchaser's refusal to take a deed is based upon the existence of alleged encumbrances which would render the vendor incapable of performing the agreement, such refusal to tender the purchase price and take the deed

does not constitute a waiver of the purchaser's objections to the alleged encumbrances in the title. *Mishara* v. *Albion,* 341 Mass. 652, 660.

Nevertheless, a general finding is conclusive if it is warranted in law upon any possible view of the evidence. *Kellogg* v. *Suher,* 329 Mass. 544, 546. *M. DeMatteo Constr. Co.* v. *Commonwealth,* 338 Mass. 568, 572. The undisputed evidence and all the relevant documents are before us. A final disposition of the case can be made.

The plaintiff contends that the defendant's conveyance to Grieco of lot 13 transferred, pursuant to the provisions of G. L. (Ter. Ed.) c. 183, § 15, the only right to use lot C-2 which the defendant had appurtenant to lot 10 (since lot 13 was originally a part of lot 10). It follows, the plaintiff argues, that the defendant was unable to convey a second right of way over lot C-2 and therefore could not perform his part of the agreement and the plaintiff is entitled to the return of his deposit.

General Laws c. 183, § 15, provides: "In a conveyance of real estate all rights, easements, privileges and appurtenances belonging to the granted estate shall be included in the conveyance, unless the contrary shall be stated in the deed, and it shall be unnecessary to enumerate or mention them either generally or specifically." Before any easement across lot C-2 appurtenant to lot 10 can be deemed to have been transferred by the statute, the easement must first be found to have been created. This court said in *Goldstein* v. *Beal,* 317 Mass. 750, 754: "[s]o long as there was a common ownership of the two parcels there could be no easement in favor of one lot operating as a burden on the other. *Johnson* v. *Jordan,* 2 Met. 234, 239. *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.* 284 Mass. 100, 105. *Oldfield* v. *Smith,* 304 Mass. 590, 593. If any easement came into existence it was only upon a severance of the common ownership." In the instant case lots 10 and C-2 were in common ownership when held by Lloyd and when held by the defendant. The only occasion when there was any severance of title and thus the only opportunity for the creation of an easement was the defendant's con-

veyance of lot 13 to Grieco. No easement was expressly created and conveyed by the defendant's deed of lot 13 to Grieco. Nor do the circumstances of the conveyance warrant a finding of an easement by implication, *Harvey Corp.* v. *Bloomfield,* 320 Mass. 326, 329–330, cf. *Perodeau* v. *O'Connor,* 336 Mass. 472, 474–475, since Grieco already had easements over C-2 appurtenant to both lots 11 and 12, which were adjacent to the much smaller lot 13. There was no necessity for such an easement nor any evidence of an intention to create one.

The conveyance of this small portion of land contemporaneous with Grieco's conveyance of an even smaller portion of land to the defendant appears to be simply an adjustment in the shape of the parcels. Under these circumstances we do not think the statute was intended to cause the inclusion of such an easement in the deed. "It is a settled rule of construction that a grant of any principal thing shall be taken to carry with it all that is necessary to the beneficial enjoyment of the thing granted that it is in the power of the grantor to convey." *Oldfield* v. *Smith, supra,* 594. The distinguishing factor in the instant case, which renders this rule of construction inapplicable, is that no easement was necessary or useful to the enjoyment of lot 13.

The only restriction on the defendant was that he should be limited to the creation of but one easement over lot C-2 in connection with the sale of all or part of lot 10. He was free to divide lot 10 into a number of smaller lots but could grant only one easement across lot C-2. The language of the restriction did not compel him to create and convey this easement with his first sale of a part of lot 10 nor should the provisions of G. L. c. 183, § 15, be construed as so compelling him. See *Melville Shoe Corp.* v. *Kozminsky,* 268 Mass. 172, 179–180.

This ruling dispenses with the necessity for discussion of the plaintiff's other exceptions. It would not serve any useful purpose but would merely prolong this opinion.

*Exceptions overruled.*